**Paul BARNABY, Petitioner,**

v.

**Janet RENO, Respondent.**

**No. CIV. 3:00CV2150 (PCD).**

United States District Court,
D. Connecticut.

May 9, 2001.

278

Michael G. Moore, Law Offices of Maria De Castro Foden, Hartford, CT, for Paul Barnaby, Petitioner.

James K. Filan, Jr., U.S. Attorney's Office, New Haven, CT, for USA, Respondent.

## MEMORANDUM OF DECISION

DORSEY, Senior District Judge.

In this habeas corpus action, petitioner challenges respondent's deportation order.

An admitted alien is deportable if convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii). The issue is whether petitioner's Connecticut conviction for failure to appear is an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43)(T), thereby making him deportable.

Petitioner concedes he is an admitted alien. Petitioner pled guilty to unlawful possession of a weapon in a vehicle, a violation with a possible sentence of two years or more. He failed to appear at his scheduled sentencing on August 4, 1997, which would have disposed of the weapon charge. He was convicted on April 6, 1998 of violating CONN. GEN. STAT. § 53a–172, i.e. failing to appear when legally called.[1] Ironically the weapon charge is not an aggravated felony and thus is not the basis for petitioner's deportation. The basis for the deportation order is the appearance charge, an independent offense. That irony is irrelevant to the issue here.

An aggravated felony includes "an offense related to a failure to appear pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed." 8 U.S.C. § 1101(a)(43)(T).[2]

■ As Respondent argues, the court may not look behind petitioner's conviction. See Lennon v. INS, 527 F.2d 187, 194 n. 16 (2d Cir.1975); United States v. Telesco, 962 F.2d 165, 166–67 (2d Cir.

1. CONN GEN. STAT § 53a–172 provides,

(a) A person is guilty of failure to appear in the first degree when
(1) while charged with the commission of a felony and while out on bail or released under other procedure of law, he wilfully fails to appear when legally called according to the terms of his bail bond or promise to appear, or

(2) while on probation for conviction of a felony, he wilfully fails to appear when legally called for a violation of probation hearing.
(b) Failure to appear in the first degree is a class D felony.

2. The original Notice to Appear cited 8 U.S.C. § 1101(a)(43)(Q), which was replaced by amendment.

1992). The inquiry is whether the elements of conviction under § 53a–172, as defined by state law, fill the requirements of § 1101(a)(43)(T). *Cf. United States v. Lomas,* 30 F.3d 1191, 1193 (9th Cir.1994), *overruled on other grounds by United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001); *see generally Ramsey v. INS,* 55 F.3d 580, 583 (11th Cir.1995) (per curiam) (holding that conduct described in state statute constituted a crime of violence as used in deportation statute which reached conduct which by its nature involved a risk of use of physical force); *United States v. Reyes–Castro,* 13 F.3d 377, 378–79 (10th Cir.1993).

Petitioner first argues what he did was not within § 1101(a)(43)(T) because he answered the underlying weapon charge by his plea on April 30, 1997. The argument fails because it does not account for the provision that subjects him to the statute if he fails to appear to dispose of the underlying charge. He failed to appear on August 4, 1997 for his scheduled sentencing, which would have disposed of the weapon charge. His earlier plea may have answered the charge, but it did not dispose of it in the sense that it did not finally conclude the charge.

■ Petitioner next argues that his conviction on April 6, 1998, delimited by § 53a–172(a)(1), is not within § 1101(a)(43)(T) and thus is not an aggravated felony. Respondent argues that that conviction is an aggravated felony and "[t]he April 6, 1998 transcript evidences that fact." To adopt that argument, by referring to or relying on the transcript, would improperly go behind the fact of the conviction, which the court may not do. Thus the conduct on which the conviction

is based, nor any transcript which evidences it may not be considered and the court must examine only the elements of § 53a–172 for congruence with § 1101(a)(43)(T). Petitioner's deportation is a matter of statutory application. The issue is whether a conviction under § 53a–172, judged solely from its language, satisfies the three elements of § 1101(a)(43)(T): (1) a failure to appear before a court; (2) the failure was pursuant to a court order; and (3) the charge underlying/requiring the appearance must be punishable by a sentence of at least two years. Respondent argues that all three are met. Petitioner apparently concedes the first and third but challenges the second.

Petitioner's admission of the conviction admits only that he was convicted of a failure to appear after having been legally called. A failure to appear is an aggravated felony only if the failure was "pursuant to a court order."[3] The question then becomes whether that conviction is the legal equivalent of a failure to appear "pursuant to a court order."

Respondent argues that "[w]henever a person is released on bond, as petitioner was in this case, he is required to sign an Appearance Bond form that says that he will appear at all scheduled court dates," citing Exhibit 9 attached to her December 7, 2000 memorandum. The argument fails for three reasons. First, as argued by respondent and discussed above, the court is not permitted to go behind the conviction. Proof of an offense of which petitioner stands convicted is not permitted by evidence extrinsic to the conviction and the elements of the statute as set forth in its language. Respondent's reliance on the exhibit is exactly what she argues that the

---

**3.** The statutory language on its face is illogical. Courts do not order parties to fail to appear. A defendant would seemingly never "fail[ ] to appear pursuant to a court order."

Therefore the statute is construed to mean a failure to appear in relation to a court order to appear.

court cannot do; it would go behind the conviction. Second, the cited exhibit, a blank "appearance bond" form, is neither certified as a Superior Court form, nor is it certified or otherwise authenticated as a document executed by petitioner. It is a blank form not signed by anyone much less by petitioner. Disregarding the first reason, it proves, at best, that such a form is used in that court, but it does not prove that it was used in petitioner's case. Third, even if the first and second reasons are put aside, the form, if signed by petitioner, constitutes merely a promise to appear at various times and recognizes certain consequences in the failure to do so. There is no language in the form which could be construed as a court order. The claim to have established petitioner's failure to appear as being pursuant to a court order is without merit.

Respondent's reliance on *State v. Garvin*, 242 Conn. 296, 699 A.2d 921 (1997) is misplaced. That case, in dealing with failure to appear charges, noted that the trial court specifically ordered defendant's appearance on a specific date for sentencing. Further, in characterizing the legal effect of an appearance bond, it was described as a contract whereby defendant promised to appear. The issue was whether defendant's execution of two bonds, related to separate underlying offenses, permitted conviction of two failures to appear when the failures occurred on the same date. There is nothing in the decision that suggests that "legally called" was the equivalent of a court order. Helpful, though dicta, is the observation that the "scheduling of court appearances ... is a matter of administrative convenience," *id.* at 306, 699 A.2d 921, suggesting that "legally called" in § 53a–172, extends to clerical setting of dates for court appearances. The section was further characterized as "intended ... to protect the integrity of the bail bond system," *id.*, and "to punish breach of a bail bond," *id.* at 307, 699 A.2d 921. It is true that petitioner can be held to have known that he was to have appeared and failed to do so. That is not sufficient to meet the court order requirement of § 1101(a)(43)(T). Respondent's citation of the transcript of the sentencing hearing is unavailing as evidence behind the conviction. It proves petitioner's reason for his non-appearance and not the existence of the required court order.

■ There is no other basis in the record on which it could be found that petitioner's failure to appear was in violation of, nor pursuant to, a court order. Accordingly, the deportation order based on § 1101(a)(43)(T) cannot be found to be valid. Respondent has made no other argument, nor presented any other basis, for finding to the contrary. Thus petitioner would appear entitled to a finding of having proved "by clear and convincing evidence" that the deportation order is contrary to the law and thus that he is not deportable. Execution of a deportation order that is not authorized by law, while not explicitly prohibited, it is at least implicitly prohibited as a matter of law. The limitation of 8 U.S.C. § 1252(f)(2) does not apply. *See Hall v. U.S. Immigration & Naturalization Serv.*, 167 F.3d 852, 854–55 (4th Cir.1999) (courts have jurisdiction to determine facts necessary to determine whether jurisdiction-limiting provision of 8 U.S.C. § 1251(a)(2)(C) (redesignated as 8 U.S.C. § 1227(a)(2)(C)) applies, that is to say, whether deportee had "been convicted of one of the enumerated offenses" for which deportation was authorized).

Though not raised by respondent, a question occurs as to whether, comparing the two statutes and the key phrases, "court order" and "legally called," the latter can be deemed the legal equivalent of the former. The court has not been aided by any briefing on the question, and its independent research has not demonstrat-

ed any authority dispositive of the question. The latter term is broader than the former. The latter could include a clerk's scheduling, a law enforcement officer's summons, and perhaps other ways deemed to legally call a defendant to appear for purposes of § 53a–172. Such cannot be found to constitute a court order. If, as respondent argues, the obligation to appear is usually created in an appearance bond, characterized as creating a promise to appear, such cannot be deemed a court order. The elements of § 53a–172 are not found to meet the "court order" requirement of § 1101(a)(43)(T).

CONCLUSION: For the forgoing reasons, petitioner has shown by clear and convincing proof that his conviction under § 53a–172 does not meet the requirements of § 1101(a)(43)(T) and the deportation order to which he is subject which is based on that conviction is found to be unauthorized as a matter of law. Accordingly as a matter of habeas corpus, the deportation order is held to be void, and respondent is enjoined from its execution.

SO ORDERED.