Opinion by Judge IKUTA; Partial Concurrence and Partial Dissent by Judge TALLMAN
IKUTA, Circuit Judge:
The two petitions for review consolidated in this opinion[1] raise the question whether a conviction for failure to appear in court in violation of 18 U.S.C. § 3146[2] is *952 categorically an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(S)[3] or 8 U.S.C. § 1101(a)(43)(T).[4] Applying the categorical approach prescribed by Taylor v. United States, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we conclude that a violation of § 3146 is not categorically an aggravated felony under either provision. Applying the modified categorical approach to the two petitions before us, we determine that the prior conviction of one petitioner qualifies as an aggravated felony and the prior conviction of the other petitioner does not.
I
Irma Renteria Morales (Renteria) and Maria Jesus Rivera de Alvarado (Rivera), both natives and citizens of Mexico, petition for review of the affirmance by the Board of Immigration Appeals (BIA) of a final order of removal.
A
Renteria became a lawful permanent resident of the United States in 1990. On January 13, 1998, Renteria pleaded guilty to violation of 18 U.S.C. § 3146. The judgment entered by the district court stated: “The defendant is convicted of the offense(s) of: violating Title 18, United States Code, Sections 3146, Bail Jumping, as charged in the Information filed herein.” The information stated:
That on or about July 20, 1992, at or near Tucson, in the District of Arizona, IRMA LINDA RENTERIA-MOR-ALES, after having been released on or about March 2, 1992, pursuant to Chapter 207 of Title 18 of the United States Code, in connection with a charge of possession with intent to distribute marijuana, in violation of Title 21 United States Code § 841(a)(1), an offense punishable by imprisonment for a term of not more than five (5) years, and having been directed to appear before the District Court of Arizona at Tucson, Arizona, on July 20, 1992, wilfully did fail to appear as required;
All in violation of Title 18 United States Code Section 3146.
On March 3, 1998, the government filed a notice to appear alleging that Renteria was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii)[5] due to her violation of 18 U.S.C. § 3146. The government claimed that a violation of § 3146 constituted an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(T). Over Rente-ria’s objections, the immigration judge (IJ) agreed with the government’s interpretation of § 1101(a)(43)(T) and pretermitted Renteria’s application for cancellation of removal. See 8 U.S.C. § 1229b(a)(3). Renteria appealed to the BIA, which affirmed the IJ’s determination without an *953 opinion. Renteria timely filed a petition for review to this court.
B
Rivera became a lawful permanent resident of the United States in 1967. In 1973, she was indicted by a grand jury for conspiracy to illegally import heroin, illegal importation of heroin, conspiracy to possess a controlled substance with intent to distribute, and possession of a controlled substance with intent to distribute. Rivera pleaded not guilty and was released on bail. While on bail, she fled the United States. The government filed a second indictment charging Rivera with violation of 18 U.S.C. § 3150[6] in August 1973. In 2004, Rivera was arrested while crossing the border from Mexico into the United States based on an outstanding warrant for failure to appear. Rivera pleaded guilty to a violation of 18 U.S.C. § 3146, and the government dismissed the drug charges. Rivera was sentenced to a $100.00 assessment and a sentence of twelve months and one day.
In 2005, the government filed a notice to appear alleging that Rivera was subject to removal on two grounds: (1) under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for being an alien who committed a crime of moral turpitude, and (2) under 8 U.S.C. § 1182(a)(2)(C), for being an alien who “the Attorney General knows or has reason to believe ... is or has been a knowing aider, abettor, assister, conspirator, or col-luder with others in the illicit trafficking in any such controlled ... substance.” 8 U.S.C. § 1182(a)(2)(C)®. On November 14, 2005, Rivera filed an application for cancellation of removal.
The IJ sustained the two charges of removability and pre-termitted and denied the application for cancellation of removal on the ground that Rivera’s conviction under 18 U.S.C. § 3146 qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(S) as “an offense relating to obstruction of justice.” See 8 U.S.C. § 1229b(a)(3).
Rivera appealed to the BIA challenging only the denial of her application for cancellation of removal. The BIA affirmed the IJ in a reasoned opinion, agreeing “that the respondent was convicted of an aggravated felony because the offense of bail jumping falls within the definition of an obstruction of justice crime under section 101(a)(43)(S) of the Immigration and Nationality Act.” Rivera timely filed a petition for review to this court.
We have jurisdiction under 8 U.S.C. § 1252(a) to review the legal question whether a conviction underlying an order of removal or the denial of relief constitutes an aggravated felony. See Li v. Ashcroft, 389 F.3d 892, 895 (9th Cir.2004). If the BIA conducted “an independent review ... we review the BIA’s decision and not that of the IJ.” Sinotes-Cruz v. Gonzales, 468 F.3d 1190, 1194 (9th Cir.2006). However, where the BIA summarily affirms the holding of the IJ without opinion, we review the IJ’s decision as the final agency determination. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003).
II
In analyzing Renteria’s petition, we must determine whether a conviction for failure to appear in court in violation of 18 U.S.C. § 3146 constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(T), which defines aggravated felony to include certain offenses relating to a failure to appear. In analyzing Rivera’s petition, we must determine whether a conviction for *954 violating § 3146 constitutes an aggravated felony under § 1101(a)(43)(S), which defines aggravated felony to include certain offenses relating to obstruction of justice. If a violation of § 3146 meets the definition set forth in § 1101 (a)(43)(S) or (T), it counts as an aggravated felony for purposes of making the alien removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). It will also count as an aggravated felony for purposes of rendering an alien ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3).
To determine whether a conviction under § 3146 constitutes an aggravated felony under § 1101(a)(43)(S) or (T), we apply the categorical approach set forth in Taylor, 495 U.S. 575, 110 S.Ct. 2143, to the Immigration and Nationality Act (INA). See Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1125 (9th Cir.2006) (en banc). Using this approach, we determine what Congress meant by “obstruction of justice” or “failure to appear” in § 1101(a)(43)(S) and (T) respectively by discerning the generic federal definition of these crimes. Because § 1101(a)(43) is part of the INA, we must defer to the BIA’s articulation of the generic federal definition “if the statute is silent or ambiguous with respect to the specific issue before the agency and the BIA’s interpretation is ‘based on a permissible construction of the statute.’ ” Parrilla v. Gonzales, 414 F.3d 1038, 1041 (9th Cir.2005) (quoting INS v. Aguirre-Aguirre, 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999)). We accord Chevron deference where there is “binding agency precedent on-point (either in the form of a regulation or a published BIA case).” Kharana v. Gonzales, 487 F.3d 1280, 1283 n. 4 (9th Cir.2007); see Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).
After determining the elements of the generic crimes listed in § 1101(a)(43)(S) and (T), the second step in the Taylor analysis is to identify the elements of the specific crime of conviction, in this case § 3146. We do not defer to the BIA’s interpretations of state law or provisions of the federal criminal code. Parrilla, 414 F.3d at 1041. Rather, we review de novo whether the specific crime of conviction meets the INA’s definition of an aggravated felony. Li, 389 F.3d at 895; Randhawa v. Ashcroft, 298 F.3d 1148, 1151 (9th Cir.2002). If the elements of the specific crime of conviction are narrower than or the same as the elements of the generic crime, then the specific crime of conviction categorically counts as an offense listed in § 1101(a)(43). See Fernandez-Ruiz, 466 F.3d at 1125.
If the elements of the specific crime of conviction are broader than the elements of the generic crime listed in the INA, we may “go beyond the mere fact of conviction” and consider whether the petitioner was necessarily convicted of all the elements of the generic crime. Taylor, 495 U.S. at 602, 110 S.Ct. 2143. In making this determination, the court is to “conduct a limited examination of documents in the record of conviction.” Ferreira v. Ashcroft, 390 F.3d 1091, 1095 (9th Cir.2004) (internal quotation marks omitted). Where the defendant pleaded guilty to the offense, the examination of the record is “limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.” Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). “If the record of conviction does not establish that the offense the petitioner committed qualifies as an aggravated felony, the government has not met its burden of proving that the defen *955 dant committed an aggravated felony.” Ferreira, 390 F.3d at 1095.
Based on this framework, we will consider each appeal in turn.
Ill
We first turn to Renteria’s argument that her conviction for failure to appear under 18 U.S.C. § 3146 does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(T).
As noted above, our first step under Taylor is to determine the elements of the generic federal crime. In this case, the elements of the generic federal crime are clearly set out in § 1101(a)(43)(T) itself. It includes any offense “relating to” the following elements: (1) a failure to appear before a court; (2) pursuant to a court order; (3) to answer to or dispose of a charge of a felony; (4) which may be subject to a sentence of two years’ imprisonment or more. We have not found, nor has the government cited, any precedential BIA decision providing further interpretation of this generic federal crime.
We next turn to the specific crime of conviction to determine whether the elements of § 3146 are narrower than or the same as the elements of the generic crime, § 1101(a)(43)(T). Section 3146 provides, in pertinent part:
(a) Offense. — Whoever, having been released under this chapter knowingly—
(1) fails to appear before a court as required by the conditions of release; or
(2) fails to surrender for service of sentence pursuant to a court order;
shall be punished as provided in subsection (b) of this section.
(b) Punishment. — (1) The punishment for an offense under this section is—
(A) if the person was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiora-ri after conviction for—
(i) an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, a fine under this title or imprisonment for not more than ten years, or both;
(ii) an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both;
(iii) any other felony, a fine under this title or imprisonment for not more than two years, or both; or
(iv) a misdemeanor, a fine under this title or imprisonment for not more than one year, or both; and
(B) if the person was released for appearance as a material witness, a fine under this chapter or imprisonment for not more than one year, or both.
 Although § 3146 includes all the elements of the generic crime, we conclude that the elements of § 3146 are broader than the elements of § 1101(a)(43)(T). For example, a necessary element of an offense included in § 1101 (a) (43) (T) is that the defendant must have failed to appear in connection with a felony for which a sentence of two years’ imprisonment or more could be imposed. However, under § 3146, the defendant could have failed to appear in connection with a misdemeanor, see 18 U.S.C. § 3146(b)(l)(A)(iv), or failed to appear as a material witness, see § 3146(b)(1)(B). Therefore, a violation of § 3146 is not categorically an aggravated felony for purposes of § 1101(a)(43)(T).
We must therefore apply the modified categorical approach to determine if the petitioner was necessarily convicted of all the elements of § 1101(a)(43)(T). In *956 making this determination, we may review the judgment and the charging document (the information) contained in Renteria’s record of conviction. See Shepard, 544 U.S. at 26, 125 S.Ct. 1254; see also Ferreira, 390 F.3d at 1095. It is undisputed that these are the only documents in Renteria’s record that are cognizable for purposes of our analysis. As noted above, the judgment states only that Renteria pleaded guilty to violating “Title 18, United States Code, Sections 3146, Bail Jumping, as charged in the Information filed herein.” The information provides that Renteria was released “in connection with a charge of possession with intent to distribute marijuana,” an offense punishable by five years’ imprisonment, and “having been directed to appear before the District Court of Arizona at Tucson, Arizona, on July 20, 1992, wilfully did fail to appear as required.”
According to Renteria, the record does not establish that she was necessarily convicted of the second element of § 1101(a)(43)(T) (i.e., that she failed to appear before a court “pursuant to a court order”) or the third element (i.e., that she failed to appear “to answer to or dispose of a charge of a felony”).[7] First, Renteria notes that the information charges Rente-ria with failure to appear as “directed,” and does not mention a court order. Renteria argues that § 3146(a)(1) (prohibiting the failure to appear “as required by the conditions of release”) would allow the government to obtain a conviction for violation of § 3146 without proving that the offender had violated a court order. To support this interpretation, Renteria notes that Congress chose to use the term “court order” in § 3146(a)(2) (prohibiting the failure to surrender for service of sentence “pursuant to a court order”), but did not use that term in § 3146(a)(1), which raises the inference that Congress intended § 3146(a)(1) to be broader than § 3146(a)(2).
Second, Renteria notes that the information does not establish that she was convicted of a failure to appear “to answer to or dispose of a charge,” the third element of § 1101(a)(43)(T). Renteria argues that she could have been convicted for failing to appear “for service of sentence,” as contemplated in § 3146(a)(2), or for failing to appear as a material witness, as contemplated in § 3146(b)(1)(B).
The government contends that it is reasonable to infer from the information and the statute of conviction that Renteria failed to appear before a court “pursuant to a court order,” and failed to appear “to answer to or dispose of a charge of a felony.” With respect to the “court order” element, the government asserts that only a judicial officer has authority to direct Renteria to appear, and the judicial officer’s direction would be a court order. With respect to the second element, the government notes that the information did not expressly allege that Renteria’s conviction was for failing to appear for service of a sentence or as a material witness. From this silence, the government argues, we can reasonably infer that Renteria’s conviction under § 3146 was to answer to or dispose of a charge. The government concludes, therefore, that the record does establish that Renteria was convicted of the second and fourth elements of § 1101(a)(43)(T).
 Although the inferences suggested by the government may be reasonable, the government has not established *957 that such inferences are necessary. On their face, the judicially noticeable documents do not establish that Renteria was under a court order or that she was ordered to appear to answer to or dispose of a charge. The government has not established that the phrase “having been directed to appear” in the information necessarily means that a court had issued an order. Nor has the government established that the phrase “released ... in connection with a charge” of a substantive crime necessarily means that the person directed to appear was charged with that crime, rather than being a material witness to that crime.
The dissent points out that under 18 U.S.C. § 3142, judicial officers have authority to order the release of pretrial detainees, subject to certain conditions. The dissent reasons that Renteria was probably subject to such a court order, which would likely order her to appear before the court at the appropriate time. Again, such inferences are reasonable, but are not necessary. The record does not establish that Renteria was a pretrial detainee released pursuant to § 3142, nor that she was under a court order to make an appearance.
Under the modified categorical approach, the government must establish that the prior conviction necessarily involved, and the allowable documents necessarily established, facts equating to the generic crime. See Shepard, 544 U.S. at 24, 125 S.Ct. 1254; see also Sandoval-Lua v. Gonzales, 499 F.3d 1121, 1131 (9th Cir.2007) (“[T]he Supreme Court’s holdings in Taylor and Shepard ... both stress that a predicate conviction qualifies as a generic crime under the modified categorical approach only if the record of conviction shows the jury ‘necessarily’ found all of the generic elements, or the defendant ‘necessarily’ admitted all of the generic elements in a plea.” (citations omitted)). Therefore, on the present record, we cannot say with certainty that Renteria was convicted of all the elements of § 1101(a)(43)(T). “If the record of conviction does not establish that the offense the petitioner committed qualifies as an aggravated felony, the government has not met its burden of proving that the defendant committed an aggravated felony.” Ferreira, 390 F.3d at 1095. The government’s interpretation of the judgment and information are inadequate to carry its burden of establishing that Renteria was convicted of all the elements of the generic crime described in § 1101(a)(43)(T). We therefore grant Renteria’s petition for review.
IV
Next we consider Rivera’s argument that her conviction for failure to appear under 18 U.S.C. § 3146 does not constitute a conviction for “obstruction of justice” under 8 U.S.C. § 1101(a)(43)(S) as charged by the government. A conviction constitutes an aggravated felony under § 1101(a)(43)(S) if it is “an offense relating to obstruction of justice ... for which the term of imprisonment is at least one year.”
Following the categorical approach prescribed by Taylor, we must first determine the generic definition of obstruction of justice. See Taylor, 495 U.S. at 598-99, 110 S.Ct. 2143. Unlike § 1101(a)(43)(T), § 1101(a)(43)(S) does not clearly set forth the elements of the generic federal crime. Because the INA does not define the phrase “offense relating to obstruction of justice,” we must determine whether there is any “binding agency precedent on-point” which does define that phrase. Kharana, 487 F.3d at 1283 n. 4; see also Parrilla, 414 F.3d at 1041. As acknowledged by the government and Rivera, the BIA has interpreted the elements of a generic obstruction of justice offense under § 1101(a)(43)(S) in a precedential decision, *958 In re Espinoza-Gonzalez, 22 I. & N. Dec. 889 (BIA 1999). Based on its review of the crimes listed in chapter 73 of title 18 of the U.S.Code, entitled “Obstruction of Justice,” and on the guidance provided by the Supreme Court in United States v. Aguilar, 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995) (analyzing the elements of 18 U.S.C. § 1503), the BIA articulated both an actus reus and mens rea element of the generic definition of such crimes for purposes of § 1101(a)(43)(S). Espinoza-Gonzalez, 22 I. & N. Dec. at 892-93. First, the BIA held that obstruction of justice crimes include “either active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice.” Id. at 893. Second, the BIA held that such crimes include an intent element, defined as a “specific intent to interfere with the process of justice.” Id.
In considering the BIA’s construction of § 1101(a)(43)(S), a statute it administers, we must comply with the principles of deference articulated in Chevron and uphold the BIA’s definition of “obstruction of justice” offenses if it “ ‘is based on a permissible construction of the statute.’ ” Aguirre-Aguirre, 526 U.S. at 424, 119 S.Ct. 1439 (quoting Chevron, 467 U.S. at 843, 104 S.Ct. 2778). Here the BIA acted reasonably in deriving the definition of “obstruction of justice” for purposes of § 1101(a)(43)(S) from the body of federal statutes imposing criminal penalties on obstruction of justice offenses. See Parrilla, 414 F.3d at 1041. Accordingly, in determining whether the specific crime of conviction is an obstruction of justice offense for purposes of § 1101(a)(43)(S), we rely on the BIA’s definition.[8]
We now turn to Rivera’s specific crime of conviction. In this case, the question is whether all the elements of § 3146, namely, being released and knowingly failing to appear before a court as required by the conditions of release or failing to surrender for service of sentence pursuant to a court order, are included in § 1101(a)(43)(S). See Taylor, 495 U.S. at 599, 110 S.Ct. 2143.
 First, § 3146 clearly includes the requisite actus reus, an “active interference with proceedings of a tribunal or investigation, or action or threat of action against those who would cooperate in the process of justice,” Espinoza-Gonzalez, 22 I. & N. Dec. at 893. Failure to appear before a court as required by the conditions of release, and failure to obey a court order to surrender for service, both constitute active interference with the proceedings of a tribunal. Because there is no meaningful distinction between personally failing to appear for court proceedings and hindering a third party from appearing for such proceedings, see 18 U.S.C. § 1512 (“[tampering with a witness, victim, or an informant,” a chapter 73 “Obstruction of Justice” offense), we reject Rivera’s attempt to distinguish a personal failure to appear as constituting only “passive” interference.
Second, § 3146 also includes the requisite mens rea, the specific intent to interfere with the process of justice.[9] By *959 its terms, § 3146 prohibits a defendant from knowingly failing to show up for a judicial proceeding after having been ordered or directed to do so. Under these circumstances, a defendant necessarily knows that failure to appear will “affect the judicial proceeding.” Aguilar, 515 U.S. at 599, 115 S.Ct. 2357. We have gone further and construed § 3146 as requiring a willful violation of a requirement to appear for a judicial proceeding. See, e.g., Weaver v. United States, 37 F.3d 1411, 1412-13 (9th Cir.1994) (“To establish a violation of 18 U.S.C. § 3146, the government ordinarily must prove that the defendant (1) was released pursuant to that statute, (2) was required to appear in court, (3) knew that he was required to appear, (4) failed to appear as required, and (5) was willful in his failure to appear.”); see also United States v. Smeaton, 762 F.2d 796, 797-98 (9th Cir.1985) (recognizing willful failure to appear as an essential element of the bail-jumping offense). In this context, “[wjillfulness requires a specific intent to do something the law forbids; a general intent to commit the proscribed act is not enough.” United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980). A defendant cannot be convicted of § 3146 “if it is committed as a result of inadvertence or mistake.” Id.; see also § 3146(c) (stating that it can be an affirmative defense to a conviction under § 3146 that a defendant was prevented from appearing in court due to uncontrollable circumstances). Thus a violation of § 3146 necessarily includes the intentional failure to appear in court, knowing that one’s presence is required either for trial or execution of sentence.
Our conclusion that the conduct prohibited by § 3146 constitutes an intentional interference with judicial proceedings is consistent with our decision in United States v. Draper, 996 F.2d 982, 984-86 (9th Cir.1993). There we held that a district court did not err in enhancing the sentence of a defendant who fled prior to sentencing under U.S.S.G. § 3C1.1, the relevant version of which provided that, “[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, [then] increase the offense level by 2 levels.” Id. at 984 (alterations in original) (internal quotation marks omitted). We agreed with the district court “that defendant obstructed justice because he violated the conditions of his release from the community corrections center by failing to report to the corrections center, thereby impeding the administration of justice.” Id. (internal quotation marks omitted). We noted that the defendant attempted “to escape justice” after having submitted to judicial process, making his offense distinguishable from fleeing arrest, which did not constitute obstruction of jus *960 tice. Id. at 985-86 (internal quotation marks omitted).
Rivera attempts to distinguish her conviction of violating § 3146 from other obstruction of justice offenses on several grounds. She argues that the offense of failing to appear is equivalent to fleeing arrest which Draper deemed not to constitute an obstruction of justice, or is analogous to (or less serious than) misprision of a felony, which Espinoza-Gonzalez deemed not to be an obstruction of justice. See Draper, 996 F.2d at 985-86; Espinoza-Gonzalez, 22 I. & N. Dec. at 892. We disagree. As we previously noted, the intentional failure to appear in court when one’s presence has been required interferes with the proceedings of a tribunal, and as such meets the generic federal definition of obstruction of justice. Although misprision of felony or fleeing arrest may obstruct justice in a general sense, neither act interferes with judicial process and thus both offenses are different in kind than generic obstruction of justice offenses. Cf. Draper, 996 F.2d at 986 (“[T]he defendant must have been submitted, willfully or otherwise, to the due process of law before the obstruction adjustment can obtain.”). Further, as Espinoza-Gonzalez notes, misprision of felony does not require “proof that the defendant acted with a motive, or even knowledge, of the existence of the work of an investigation or tribunal.” 22 I. & N. Dec. at 893.[10]
Because § 3146 fulfills the first two elements of the generic offense, we conclude that a conviction under § 3146 is “an offense relating to obstruction of justice” for purposes of § 1101(a)(43)(S). However, § 1101(a)(43)(S) also requires that the “term of imprisonment” of the offense “is at least one year.” Because § 3146 may be punished by a fíne alone, see § 3146(b)(1)(A), we must still proceed to a further analysis of Rivera’s prior conviction under the modified categorical approach.
 Turning to the modified categorical approach, we review the judgment, which states that Rivera was sentenced to a term of imprisonment for twelve months and one day. Because the judgment confirms that Rivera was convicted of an obstruction of justice offense “for which the term of imprisonment is at least one year,” we conclude that the BIA did not err in affirming the IJ’s holding that Rivera’s bail-jumping violation qualified as an aggravated felony under § 1101(a)(43)(S). Therefore, we must deny her petition for review.
V
Based on our application of Taylor, we conclude that a violation of § 3146 meets the definition of a generic crime of “obstruction of justice” for purposes of 8 U.S.C. § 1101(a)(43)(S), but does not include the element of being an offense “for which the term of imprisonment is at least one year.” We also conclude that the offense described in § 3146 is broader than the offense described in 8 U.S.C. § 1101(a)(43)(T). Accordingly, a conviction under § 3146 is not categorically an aggravated felony under §§ 1101(a)(43)(S) or (T). In the particulars of this ease, however, applying the modified categorical *961 approach, we have determined that the IJ incorrectly deemed Renteria’s prior conviction to be an aggravated felony under § 1101(a)(43)(T), but the IJ and BIA correctly deemed Rivera’s prior conviction to be an aggravated felony under § 1101(a)(43)(S).
Renteria’s Petition for Review is Granted; Rivera’s Petition for Review is Denied.

. These petitions are ordered consolidated for purposes of disposition.

. 18 U.S.C. § 3146 states, in pertinent part:
*952 (a) Offense. — Whoever, having been released under this chapter knowingly—
(1) fails to appear before a court as required by the conditions of release; or
(2) fails to surrender for service of sentence pursuant to a court order;
shall be punished as provided in subsection (b) of this section.

.Under 8 U.S.C. § 1101(a)(43)(S), the definition of aggravated felony includes "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year.”

. Under 8 U.S.C. § 1101(a)(43)(T), the definition of aggravated felony includes "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed.”

. 8 U.S.C. § 1227(a)(2)(A)(iii) states: "Any alien who is convicted of an aggravated felony at any time after admission is deportable.”

. 18 U.S.C. § 3150 was repealed by the Bail Reform Act of 1984, Pub.L. No. 98-473, 98 Stat. 1976 (1984). 18 U.S.C. § 3146 is the current bail-jumping statute.

. The record does establish that Renteria was necessarily convicted of the first and fourth element of § 1101(a)(43)(T) (i.e., she failed to appear before a court, and the underlying offense was punishable by a sentence of two years’ imprisonment or more). Renteria does not dispute this conclusion.

. Rivera argues that another critical element of a generic obstruction of justice crime is that it must involve violation of a court order, citing Alwan v. Ashcroft, 388 F.3d 507, 514-515 (5th Cir.2004). We reject this argument. Although the specific crime in Alwan, "criminal contempt,” involved disobedience of a court order, Alwan did not hold that violation of a court order was a necessary element of obstruction of justice. Rivera also cites to Barnaby v. Reno, 142 F.Supp.2d 277 (D.Conn.2001), which is irrelevant because it analyzed § 1101(a)(43)(T), not (S).

. In the context of federal obstruction of justice crimes, courts have defined the specific intent element broadly. See Pettibone v. United States, 148 U.S. 197, 207, 13 S.Ct. 542, 37 *959 L.Ed. 419 (1893) (indicating that the intent to take a wrongful act that will have the "natural and probable consequence” of obstructing justice is an “evil intent” to obstruct justice); see also United States v. Hopper, 177 F.3d 824, 830-31 (9th Cir.1999) (indicating that the elements of an obstruction-of-justice offense under 18 U.S.C. § 1505 are satisfied where the defendants had acted to prevent collection of their tax debt, and knew that “the natural and probable effect” of their actions would be to interfere with IRS proceedings (internal quotation marks omitted)); United States v. Gallimore, 491 F.3d 871, 876 (8th Cir.2007) (holding that the only intent necessary to convict a defendant under 18 U.S.C. § 1513(b) for retaliating against a witness, victim, or informant "was an intent to retaliate” (internal quotation marks omitted)). Because we have interpreted § 3146 as requiring the government to prove that the defendant willfully failed to appear, see infra at 958-60, we need not consider whether these interpretations of the mens rea element of specific federal obstruction of justice crimes are part of the generic federal crime of "obstruction of justice.”

. Rivera also argues that § 3146 does not constitute a generic obstruction of justice offense because she was not convicted of the crime for which she was released on bail. This fact sheds no light on the question whether the crime of which she was convicted constitutes an obstruction of justice offense. In addition, her final argument that her conviction does not constitute an aggravated felony under § 1101(a)(43)(T) is irrelevant, because the BIA determined that her bail-jumping offense was an obstruction of justice crime under § 1101(a)(43)(S), not § 1101 (a)(43)(T).