**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SQUAW VALLEY DEVELOPMENT
COMPANY; SQUAW VALLEY SKI
CORPORATION; SQUAW VALLEY
PRESERVE,

　　　　　*Plaintiffs-Appellants,*

　　　　　v.

MARTIN GOLDBERG; HAROLD
SINGER,

　　　　　*Defendants-Appellees.*

No. 02-17346

D.C. No.
CV 01-2031 WBS
ED Cal.

ORDER

Filed January 13, 2005

Before: A. Wallace Tashima and Richard R. Clifton,
Circuit Judges, and Ronald B. Leighton,* District Judge.

---

**ORDER**

Defendant-Appellee Harold Singer petitions for panel rehearing and for rehearing en banc. He argues, *inter alia*, that our decision permitting Squaw Valley to proceed on its "class of one" claim against Singer, *see Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944-48 (9th Cir. 2004) ("*Squaw Valley I*"), conflicts with *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), because Squaw Valley "failed to establish that any other dischargers that were treated differently were 'similarly situated' " to Squaw Valley. We reject the argument because it is made for the first time in Singer's petition for rehearing.

---

*The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

It is true, as Singer contends, that we stated in our opinion that Squaw Valley "present[ed] no evidence that any other discharger is of comparable size, has a comparable history of non-compliance, engages in a comparable level of activity on its land, and has a comparable history of administrative action being ineffective. As the district court repeatedly stated, Squaw Valley is not comparing 'apples to apples.' " *Squaw Valley I*, 375 F.3d at 945. But the reason that no such evidence was presented was because the issue was not raised or contested on Singer's motion for summary judgment. Thus, that statement was made in the context of demonstrating that the record supports that Singer had a rational basis for his exceptionally close scrutiny and oversight of Squaw Valley. As we stated at the end of that part of our opinion, Part II.B (Rational Basis):

> In total, it is not enough to show that of the 800 dischargers regulated by the Lahontan Board, Singer and Goldberg favored more formal enforcement measures against Squaw Valley. As regulators, they articulated a rational reason for their actions—they perceived Squaw Valley to be a large and active discharger, with a history of non-compliance, that resisted less severe regulatory efforts. Thus, to succeed on its equal protection claims, Squaw Valley must show that Singer and Goldberg were motivated by some personal or extra-statutory end.

*Id.*

Singer never contended or argued in his brief that no other dischargers under the jurisdiction of the Lahontan Board were "similarly situated" to Squaw Valley. At least for purposes of this appeal, Singer conceded the issue:

> Singer and Goldberg concede that "Squaw Valley has shown disparate or unique treatment" because they "have afforded Squaw Valley more oversight

> . . . and have [favored] more formal regulatory and enforcement action" *as compared to other similarly-situated dischargers.*

*Id.* at 944 (quoting Appellees' Brief at 45) (emphasis added).[1] Singer also did not contest the issue below. Thus, the issue is foreclosed and cannot be raised for the first time in Singer's petition for rehearing. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 2003) ("We review only issues which are argued specifically and distinctly in a party's opening brief.") (citation omitted); *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1052 (9th Cir. 2003) (noting that "we do not ordinarily consider on appeal issues not raised below"); *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002).

For the foregoing reasons, the panel has voted to deny Singer's petition for panel rehearing. Judge Clifton also votes to deny the petition for rehearing en banc, and Judges Tashima and Leighton so recommend. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on en banc rehearing. *See* Fed. R. App. P. 35(f).

The petition for panel rehearing and the petition for rehearing en banc are denied.

---

[1]*See also* Appellees' Brief at 37 ("*Where a suspect class is not at issue*, a plaintiff may still establish that a class-based distinction in enforcement violates the Equal Protection Clause if he or she can show that officials are using enforcement to obtain ends not contemplated by or consistent with the law being enforced.") (emphasis added) (citations omitted).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.