**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Oliver MAIBEN, aka Seal C, aka Roland Lockhart, aka Stanley Richardson, and Aniefiok James, aka Kelvin James; Joseph Asanti; and James Aniefiok, Defendants—Appellants.**

Nos. 03–50014, 03–50017.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2004.

Decided June 15, 2005.

Brian M. Hoffstadt, Esq., Sherilyn Peace Garnett, Esq., USLA—Office of the

U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant—Appellant.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM *

A jury convicted Oliver Maiben and Aniefiok James of numerous counts of conspiracy, loan fraud, mail fraud, and wire fraud. Maiben asserts that the district court erred by permitting the Government to introduce evidence at trial of his prior felony conviction. In addition, Defendants appeal various aspects of their resulting sentences. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's admission of Maiben's prior conviction. In light of the Supreme Court's decision in *United States v. Booker*[1] and our subsequent decision in *United States v. Ameline*,[2] we remand for a determination of whether the district court would have imposed a materially different sentence if it had known that the United States Sentencing Guidelines were advisory rather than mandatory. Because the parties are familiar with the facts, we do not recite them here.

The district court did not abuse its discretion[3] by allowing the Government to introduce evidence of Maiben's prior con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. 2005 WL 1291977 (9th Cir. June 1, 2005) (en banc).

3. *See United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir.2002); *United States v. Murillo*, 288 F.3d 1126, 1139 (9th Cir.2002).

viction for perjury. Maiben conceded the admissibility of his prior conviction under Federal Rule of Evidence 404(b) at the motions hearing and thus waived the issue.[4] The district court correctly determined that the probative value of the prior conviction outweighed its prejudicial impact.[5] The prior conviction showed Maiben's knowledge that use of the alias Roland Lockhart was wrongful. Additionally, the limiting instructions that the court provided to the jury lessened the conviction's prejudicial impact. Thus, we affirm Maiben's judgment of conviction.

We review the sentencing issues Defendants raise on appeal for plain error.[6] We cannot determine from the record whether the district court would have imposed a materially different sentence as to either Defendant if it had known that the Guidelines were advisory rather than mandatory, as the Supreme Court held in *Booker.*[7] Therefore, under *Ameline,* we remand for the limited purpose of making that determination.[8] In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

Conviction AFFIRMED; Sentence REMANDED.

---

**4.** *See Squaw Valley Dev. Co. v. Goldberg,* 395 F.3d 1062, 1063–64 (9th Cir.2005). Even if Maiben had not waived the issue, the district court did not abuse its discretion by allowing the Government to introduce the evidence. The prior conviction helped to prove the material issue of Maiben's intentional use of the alias Roland Lockhart, it was similar to the charges at hand, and it was not too remote in time. *See* FED.R.EVID. 404(b).

**5.** *See* FED.R.EVID. 403.

**6.** *Ameline,* 409 F.3d at 1078.

**7.** *Booker,* 125 S.Ct. at 764–65.

**8.** *See Ameline,* 409 F.3d at 1084.

