**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Aniefiok JAMES, aka Kelvin James; Joseph Asanti; and James Aniefiok, Defendants—Appellants.**

No. 03–50017.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2004.

Decided Nov. 10, 2005.

Wesley L. Hsu, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## ORDER

Appellant James' petition for panel rehearing in No. 03–50017 is GRANTED and the memorandum disposition filed on June 15, 2005, *see* 134 Fed. Appx. 190, is withdrawn as to James, and replaced by the Amended Memorandum filed concurrently with this order.

IT IS SO ORDERED.

## AMENDED MEMORANDUM *

A jury convicted Aniefiok James of numerous counts of conspiracy, loan fraud, mail fraud, and wire fraud. James appeals the imposition of two sentencing adjustments for an aggravated role in the offense and an abuse of a position of trust, and a $1 million fine. We have jurisdiction under 28 U.S.C. § 1291 and in light of the Supreme Court's decision in *United States v. Booker* [1] and our subsequent decision in *United States v. Ameline*,[2] we remand for a determination of whether the district court would have imposed a materially different sentence if it had known that the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. 409 F.3d 1073 (9th Cir.2005) (en banc).

United States Sentencing Guidelines were advisory rather than mandatory.[3] Because the parties are familiar with the facts, we do not recite them here.

■ As to James' first sentencing issue, the district court properly imposed a four-level upward adjustment for playing an aggravated role because James supervised at least one other participant.[4] Regarding the second issue, we find that James abused a position of trust with the borrowers, warranting a two-level sentence enhancement.[5] James violated his fiduciary position with unsuspecting borrowers after he fraudulently altered their loan applications without their knowledge.[6] This Court rejects James's argument that the borrowers were not victims of the offense because many of the unsuspecting borrowers suffered financial losses and emotional burdens as a result of James's fraud.[7] And finally, the district court properly imposed a $1 million fine.[8] James had additional assets he had refused to disclose. Because the burden rested on James to prove his inability to pay the fine, and James refused to produce relevant evidence of that inability, the court appropriately imposed the fine.[9]

■ We cannot determine from the record whether the district court would have imposed a materially different sentence as to James if it had known that the Guidelines were advisory rather than mandatory, as the Supreme Court held in *Booker*.[10] Therefore, under *Ameline*, we remand for the limited purpose of making that determination.[11] In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

Sentence REMANDED.

---

3. Even though the Sentencing Guidelines are no longer mandatory after *Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, the district court should still consult them for advice regarding the appropriate sentence. *United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir.2005). As a result, we address the merits of James's arguments with respect to his three sentencing issues on appeal. *Id.*

4. We review the district court's upward adjustment for an aggravated role for clear error. *See United States v. Camper*, 66 F.3d 229, 231 (9th Cir.1995); *See United States v. Riley*, 335 F.3d 919, 929 (9th Cir.2003) (requiring a defendant to exercise some control over others involved in the offense to justify a sentencing enhancement for an aggravated role under § 3B1.1).

5. "The application of the abuse of trust enhancement is a mixed question of fact and law, which we review de novo." *United*

States v. Brickey, 289 F.3d 1144, 1153 (9th Cir.2002).

6. USSG § 3B1.3 (1997).

7. *United States v. Peyton*, 353 F.3d 1080 (9th Cir.2003) (stating that victims of a fraud include entities that bear "emotional, financial, and other burdens").

8. We review the district court's imposition of a fine for plain error. *See Brickey*, 289 F.3d at 1152.

9. USSG § 5E1.2(a) (stating that the district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine"); *See United States v. Sager*, 227 F.3d 1138, 1147 (9th Cir.2000).

10. *Booker*, 125 S.Ct. at 764–65.

11. *See Ameline*, 409 F.3d at 1084.