# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES FIELDS; TAMMANY FIELDS;
STUART HABERMAN; ROBERT
HOAGLIN; KATHIE HOAGLIN;
VANESSA SHETLER,
            *Plaintiffs-Appellants,*

v.

PALMDALE SCHOOL DISTRICT (PSD);
MICHAEL GEISSER; ARLAND
ATWOOD,
            *Defendants-Appellees.*

No. 03-56499

D.C. No.
CV-03-00457-JVS

OPINION RE
PANEL
REHEARING

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
June 2, 2005—Pasadena, California
Opinion Filed November 2, 2005
Petition for Rehearing En Banc Filed November 23, 2005

Filed May 17, 2006

Before: Donald P. Lay,* Stephen Reinhardt, and
Sidney R. Thomas, Circuit Judges.

Per Curiam Opinion

---

*The Honorable Donald P. Lay, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

5417

## COUNSEL

Matthew D. Staver, Erik W. Stanley, Anita L. Staver, Rena M. Lindevaldsen, and Mary E. McAlister, Liberty Counsel, Longwood, Florida, for the plaintiffs-appellants.

Dennis J. Walsh, Esq., Douglas Lyon, Esq., Law Offices of Dennis J. Walsh, APC, Encino, California, for the defendants-appellees.

## OPINION

PER CURIAM:

In light of Appellants' petition for rehearing en banc and the *amici* brief in support thereof, the panel has decided to consider whether to rehear the matter *nostra sponte*. We have unanimously determined not to do so and hereby reaffirm our decision filed on November 2, 2005. We set forth our reasons below.

Appellants are parents of schoolchildren in the Palmdale School District. Their complaint in the district court alleged, *inter alia*, that the school district violated their fundamental right "to control the upbringing of their children by introducing them to matters of and relating to sex in accordance with their personal and religious values and beliefs" by administering a psychological assessment questionnaire containing several questions that referred to subjects of a sexual nature. The district court construed this claim as arising under the Substantive Due Process Clause of the Fourteenth Amendment and, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissed that cause of action for failure to state a claim upon which relief could be granted. *Fields v. Palmdale Sch. Dist.*, 271 F. Supp. 2d 1217, 1220-23 (C.D. Cal. 2003). The parents appealed the ruling but only on the basis of their substantive due process claim and their "very similar and overlapping" privacy right claim. We affirmed, *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197 (9th Cir. 2005), holding that Appellants did not possess, under the Substantive Due Process Clause or the right to privacy, a constitutional right to limit the information that public schools make available to students.[1]

Less than two weeks after we filed our opinion, Appellants replaced their California-based counsel with a national organization located in Florida. Appellants, through their new counsel, then filed a petition for rehearing en banc. The petition raises three arguments: (1) "The Complaint Should Not Have Been Dismissed," (2) "The Panel Improperly Characterized the Parents' Fundamental Right," and (3) "The Panel's Decision Eviscerates Plaintiffs' Procedural Due Process Rights." We address these arguments in turn.

With respect to the first point, Appellants argue that "the

---

[1]The district court also dismissed without prejudice Appellants' state law claims. *Fields*, 271 F. Supp. 2d at 1224. Appellants did not raise this issue on appeal, or otherwise appeal from the dismissal of their state claims.

panel [improperly] dismissed on a Rule 12(b)(6) motion, concluding that, other than treason, the parents have not one constitutional claim — not even due process grounded in state-recognized rights, or even the Establishment Clause." Appellants contend that they should at least be allowed to amend their complaint and present evidence before the panel considers a motion to dismiss. In an effort to support their argument, Appellants cite two cases, *Citizens for a Responsible Curriculum v. Montgomery County Public Schools*, 2005 WL 1075634 (D. Md. May 5, 2005), and *Newdow v. U.S. Congress*, 328 F.3d 466 (9th Cir. 2003), in which federal courts have recognized Establishment Clause challenges to the policies of school districts.

As an initial matter, the panel did not, as the petition asserts, "dismiss[ ] on a Rule 12(b)(6) motion"; that motion was heard and granted by the district court. We merely affirmed the district court's ruling. Next, Appellants did not seek leave to amend in the district court, nor did they contend on appeal that they could have amended the complaint if permitted to do so. Thus to the extent that new counsel now complain that no amendment was permitted, their complaint is wholly without merit. Similarly, no questions relating to "state-recognized rights" were presented to us and we ruled on none. Appellants' state law claims were not before this court on appeal. The district court dismissed the state law claims without prejudice to refiling in state court, and on appeal Appellants did not raise any issue relating to that dismissal. Nor did Appellants assert any federal due process right "grounded in state-recognized rights." The only due process right presented on appeal was the *Meyer-Pierce* substantive due process right of parents to make decisions concerning the upbringing of their children along with the closely related right to privacy. Also, no First Amendment arguments were presented on appeal and our opinion expressly reserved all First Amendment issues. Even Appellants (and their new counsel) must recognize that in light of the appeal presented to this Court neither the Free Exercise nor the Establishment

Clause played any part in our holding. Any argument related to these Clauses must be presented in another case. The first argument contained in the petition for rehearing en banc is therefore entirely without merit.

**[1]** Although it is difficult to discern or interpret Appellants' second argument, it appears to be that our opinion's reliance upon *Brown v. Hot, Sexy and Safer Productions, Inc.*, 68 F.3d 525 (1st Cir. 1995), was misplaced when we concluded that the parents' fundamental right "to make decisions concerning the care, custody and control of their children" does not override the right of public schools to determine the nature of the information they make available to their students. There can be no doubt that the Due Process Clause does protect the parents' right to control their children's upbringing. That right was recognized in two leading Supreme Court cases, *Meyer v. Nebraska*, 262 U.S. 390 (1923), and *Pierce v. Society of Sisters*, 268 U.S. 510 (1925). Our opinion does not in any way quarrel with or constrict the right established by those cases. However, as the *Brown* court held and as we explained at length in our opinion, the *Meyer-Pierce* right (and the closely related privacy right) does *not* include the "right to restrict the flow of information in the public schools." *Fields*, 427 F.3d at 1206 (quoting *Brown*, 68 F.3d at 533-34). Indeed, parents "do not have a fundamental [due process] right generally to direct *how* a public school teaches their child." *Id.* (quoting *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 395 (6th Cir. 2005)). That is the central holding of our opinion and no party interested in this case, including Appellants and *amici*, has cited any authority holding otherwise.

Appellants' third argument, that our opinion "eviscerates Plaintiffs' procedural due process rights," ignores the following: (1) Appellants did not raise a procedural due process claim in the district court, (2) Appellants did not raise a procedural due process claim on appeal, and (3) our opinion did not address any procedural due process claim. We need do no

more here than state the obvious: We do not address issues not presented to us, and our failure to do so does not constitute an expression of views as to the merits of any such issues.

Our opinion is straightforward and dutifully applies Supreme Court and circuit court precedent. It holds simply, as other courts have held, that parents of public school children are not possessed of a constitutional right, either under the Substantive Due Process Clause or the related right to privacy, to restrict the public schools from providing information on the subject of sex. No federal court has ever found such a right in the Substantive Due Process Clause of the Constitution or in the right to privacy. To hold otherwise would misperceive the nature of the constitutional right at issue.

Our opinion holds in essence that the Constitution does not afford parents a substantive due process or privacy right to control through the federal courts the information that public schools make available to their children. What information schools provide is a matter for the school boards, not the courts, to decide. Our holding does not, of course, consider the limitations that the First Amendment imposes upon the actions of all government agencies, including school boards. That issue is not before us. Nor does our decision address any question of state law, or consider any issues that might be raised by the parents in state court. Nor, as we stated unequivocally, does our opinion address the propriety of the school allowing the survey to be circulated. Finally, our decision does not affect the rights of parents to influence or change the conduct of school boards through all lawful means generally available to citizens of this nation. That is, of course, beyond the scope of the present proceedings. We consider on this appeal only the issues presented by the parties initially in the district court and then to us when we heard the matter as a three-judge panel. We do not consider on rehearing new issues previously not raised, briefed or argued. *See*, *e.g.*, *Squaw Valley Dev. Co. v. Goldberg*, 395 F.3d 1062, 1064 (9th Cir. 2005).

**[2]** Accordingly, upon full review, we reaffirm our opinion with two amendments to the text. To make our holding more precise we delete the sentence appearing at lines 9-10 of page 15076 of the Slip Opinion ("In sum, we affirm that the *Meyer-Pierce* right does not extend beyond the threshold of the school door.") and substitute therefor the following: "In sum, we affirm that the *Meyer-Pierce* due process right of parents to make decisions regarding their children's education does not entitle individual parents to enjoin school boards from providing information the boards determine to be appropriate in connection with the performance of their educational functions, or to collect monetary damages based on the information the schools provide." To remove an ambiguity and to be more specific, we delete the portion of our opinion that begins "Here, however, the survey . . ." at line 14 of page 15078 of the Slip Opinion and ends . . . by the parents in this case." at line 25 of the same page, and substitute the following language:

> Here, however, the survey simply did not interfere with the right of the parents to make intimate decisions. Indeed, before the survey was conducted the parents were notified and their consent was sought. None objected and all but one signed and returned the consent form. Making intimate decisions and controlling the state's dissemination of information regarding intimate matters are two entirely different subjects. With respect to the latter, no information of a private nature — indeed no information at all — regarding any individuals was disseminated. Moreover, no constitutional provision prohibits the dissemination of general information on subjects of public interest to children or to adults (unless it is the Establishment or the Treason Clause). Thus, the right of the parents "to control the upbringing of their children by introducing them to matters of and relating to sex in accordance with their personal and religious values and beliefs" — the right to privacy

here asserted — does not entitle them to prohibit public schools from providing students with information that the schools deem to be educationally appropriate.

The Opinion filed November 2, 2005, is REAFFIRMED with the two amendments contained herein.