# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CARLOS ALANIS-ALVARADO,
          *Petitioner,*

v.

ERIC H. HOLDER, JR.,* Attorney General,
          *Respondent.*

No. 06-72369

Agency No.
A92-611-947

ORDER
AMENDING
OPINION AND
DENYING
PETITIONS FOR
REHEARING AND
REHEARING EN
BANC AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
May 7, 2008—Seattle, Washington

Filed September 3, 2008
Amended March 3, 2009

Before: Arthur L. Alarcón, Susan P. Graber, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Graber;
Partial Concurrence and Partial Dissent by Judge Rawlinson

*Eric H. Holder, Jr., is substituted for his predecessor, Michael B. Mukasey, as Attorney General.

## COUNSEL

Manuel F. Rios, III, and Lesley Irizarry-Hougan, Rios Cantor, P.S., Seattle, Washington, for the petitioner.

Jesse Bless, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for the respondent.

# ORDER

The opinion filed on September 3, 2008, slip opinion page 12125, and published at 541 F.3d 966, is amended by the opinion filed concurrently with this order.

With these amendments, Judges Alarcon and Graber have voted to deny the petition for rehearing, and Judge Rawlinson has voted to grant it. Judge Graber has voted to deny the petition for rehearing en banc, and Judge Alarcon has so recommended. Judge Rawlinson has voted to grant the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.

The petition for rehearing and petition for rehearing en banc are DENIED. No further petitions for rehearing or for rehearing en banc may be filed.

---

# OPINION

GRABER, Circuit Judge:

We must decide whether a conviction under California Penal Code section 273.6, for violating a protective order issued pursuant to California Family Code section 6320, categorically qualifies as violation of a "protection order" under 8 U.S.C. § 1227(a)(2)(E)(ii) of the Immigration and Nationality Act ("INA"). We hold that it does and, therefore, deny the petition for review.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner Carlos Alanis-Alvarado is a 46-year-old native and citizen of Mexico. He became a lawful permanent resi-

dent of the United States in 1990. Twice in 2003, he pleaded guilty to violating section 273.6 of the California Penal Code. The records of conviction establish that:

> On or about 8/14/03 [or 7/28/03] the crime of DIS-OBEYING COURT ORDER, in violation of Section 273.6 of the Penal Code, a MISDEMEANOR, was committed by CARLOS ALANIS ALVARADO, who at the time and place last aforesaid, did willfully, unlawfully and knowingly violate a Court order obtained pursuant to Section 6320 and 6389 of the Family Code of the State of California.

After those convictions, the government issued a Notice to Appear. The Notice to Appear asserted that, because of the two convictions,[1] Petitioner was removable under three different provisions of the INA: under 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of two crimes involving moral turpitude; under 8 U.S.C. § 1227(a)(2)(E)(i), for having been convicted of a crime of domestic violence; and under 8 U.S.C. § 1227(a)(2)(E)(ii), for having been convicted of violating a domestic violence protection order.

After a hearing, the immigration judge ordered Petitioner removed. Petitioner appealed to the Board of Immigration Appeals ("BIA"). The BIA held that Petitioner's convictions qualified under 8 U.S.C. § 1227(a)(2)(E)(ii), but expressly declined to reach the other two sections of the INA charged in the Notice to Appear. Petitioner then filed a timely petition for review with this court.

---

[1] The record contains evidence of three additional state convictions. Those convictions did not appear on the Notice to Appear; the Board of Immigration Appeals did not rely on them; and neither party argues that those convictions are relevant to the issue we address here.

## STANDARD OF REVIEW

We review de novo whether a particular conviction under state law is a removable offense. *Coronado-Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir. 1997).

## DISCUSSION

**[1]** To determine whether a petitioner's prior conviction fits within the statutory definition of a removable offense, we use the "categorical approach" and "modified categorical approach" that were first announced in *Taylor v. United States*, 495 U.S. 575 (1990). *Ferreira v. Ashcroft*, 390 F.3d 1091, 1095 (9th Cir. 2004), *recognized as overruled on other grounds by Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir. 2008). Under the categorical approach, if the "full range of conduct" covered by the state statute falls within the scope of the INA provision, then the petitioner's conviction is categorically a removable offense. *Id.* (internal quotation marks omitted). If not, "we then proceed to a 'modified categorical approach.' " *Id.* "Under the modified categorical approach, we conduct a limited examination of the documents in the record of conviction . . . [to] determine whether there is sufficient evidence to conclude that the alien was convicted of the elements of the generically defined crime even though his or her statute of conviction was facially overinclusive." *Id.* (citation and internal quotation marks omitted). If the information in the record of conviction does not establish that the petitioner's conviction meets the requirements of the INA provision, then the conviction is not a removable offense under that provision. *Id.*

The BIA held that Petitioner's state convictions meet the requirements of 8 U.S.C. § 1227(a)(2)(E)(ii), which is titled "[v]iolators of protection orders" and reads in full:

> Any alien who at any time after admission is enjoined under a protection order issued by a court

and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable. For purposes of this clause, the term "protection order" means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding.

Petitioner was convicted of violating California Penal Code section 273.6, which reads in relevant part:

(a) Any intentional and knowing violation of a protective order, as defined in Section 6218 of the Family Code, or of an order issued pursuant to Section 527.6 or 527.8 of the Code of Civil Procedure, or Section 15657.03 of the Welfare and Institutions Code, is a misdemeanor punishable by a fine of not more than one thousand dollars ($1,000), or by imprisonment in a county jail for not more than one year, or by both that fine and imprisonment.

**[2]** Examining the "full range of conduct" proscribed by section 273.6, Petitioner's conviction does *not* suffice under the categorical approach. The range of orders that may be issued under the state statute is broad, and the statute plainly encompasses orders outside the scope of the INA provision. For instance, some orders issued under the civil procedure code or welfare code have nothing to do with domestic violence. *See, e.g.*, Cal. Civ. Proc. Code 527.6(c) (authorizing a court to issue a temporary restraining order against any person, without regard to the existence or nature of a relationship between the assailant and the victim). Indeed, the government

concedes that a conviction under California Penal Code section 273.6 does not satisfy the categorical test.

We therefore "proceed to a 'modified categorical approach.' " *Ferreira*, 390 F.3d at 1095. The records of conviction establish that Petitioner was convicted, more specifically, of violating an "order obtained pursuant to Section 6320 and 6389 of the [California] Family Code." We therefore must determine whether a conviction for violating an order obtained pursuant to sections 6320 and 6389 of the California Family Code necessarily meets the requirements of the INA provision.[2] Although this inquiry rides under the banner of the "modified categorical approach," the records of conviction here tell us only which combination of statutes authorized the protection order that Petitioner violated. Our modified categorical inquiry is therefore identical to a categorical inquiry: whether the INA provision embraces the "full range of conduct" under those state statutes. It is a kind of modified categorical inquiry nonetheless, because it is a second-tier inquiry.

---

[2]Petitioner belatedly argues that his convictions were not necessarily for violating an order issued pursuant to sections 6320 and 6389 of the California Family Code, citing *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc). Before the BIA, Petitioner did not make that argument and, indeed, affirmatively acknowledged that "the ROC [record of conviction] shows that [Petitioner] violated a court order pursuant to California Family Code §§ 6320 or 6389." In his opening brief before us, Petitioner did not raise the argument; to the contrary, he affirmatively represented that he "was convicted of Disobeying a Court Order in violation of [California Penal Code] § 273.6 pursuant to Section[s] 6320 and 6389 of the [California] Family Code." We therefore do not address the argument. *See Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008) ("The BIA is not required to anticipate objections that [the petitioner] utterly failed to make, and we lack jurisdiction to address them here."); *Cerezo v. Mukasey*, 512 F.3d 1163, 1165 n.5 (9th Cir. 2008) ("[The petitioner's] opening brief does not raise this issue, and it is therefore waived."); *Squaw Valley Dev. Co. v. Goldberg*, 395 F.3d 1062, 1064 (9th Cir. 2005) (order) (denying a petition for rehearing because the argument was "raised for the first time in [the party's] petition for rehearing").

Section 6320 of the California Family Code states in full:

> The court may issue an ex parte order enjoining a party from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, harassing, telephoning, including, but not limited to, annoying telephone calls as described in Section 653m of the Penal Code, destroying personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party, and, in the discretion of the court, on a showing of good cause, of other named family or household members.

Cal. Fam. Code § 6320 (2003).[3] Section 6389 of the California Family Code provides, in part, that "[a] person subject to a protective order, as defined in Section 6218, shall not own, possess, purchase, or receive a firearm while that protective order is in effect." Cal. Fam. Code § 6389(a).

The parties agree that section 6389 does not, by itself, authorize a court to issue a protective order. Instead, whenever a court issues a protective order, the provisions of section 6389 are triggered automatically. Our conclusion is confirmed by the definition of "protective order" in the California Family Code, which includes only orders issued under sections 6320, 6321, and 6322. Cal. Fam. Code § 6218. In sum, although Petitioner's records of conviction establish that he violated an "order issued pursuant to Section 6320 *and 6389* of the [California] Family Code," (emphasis added), we conclude that the protective order was issued pursuant to section 6320 only and that section 6389 then applied automatically.

Having sorted out the various state statutes, we turn to the

---

[3]The section was amended in 2007. All references in this opinion are to the 2003 version because it was the version in effect when the court issued the protective orders *and* when Petitioner was convicted.

question whether Petitioner's convictions meet the requirements of the INA provision. Petitioner argues that his convictions do not meet two of the statute's requirements. First, he argues that he was not "enjoined under a protection order." 8 U.S.C. § 1227(a)(2)(E)(ii). The INA provision itself defines "protection order": "For purposes of this clause, the term 'protection order' means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence . . . ." *Id.* Petitioner argues that the "protective order" under section 6320 of the California Family Code does not meet the federal definition of "protection order" because, under section 6320, a protective order can be issued for a purpose other than "preventing violent or threatening acts of domestic violence." We disagree.

**[3]** Section 6320 is part of the "Domestic Violence Prevention Act." Cal. Fam. Code § 6200. The Code defines a "protective order," in part, as "[a]n order described in Section 6320 enjoining *specific acts of abuse*." *Id.* § 6218 (emphasis added). A protective order may be issued only upon a showing of "reasonable proof of a past act or acts of abuse." *Id.* § 6300. The provisions of section 6389—which applied to Petitioner via the protective orders—prohibit, among other things, the ownership of a firearm. Thus, section 6320 is part of a statute that, in its entirety, aims to prevent domestic violence, authorizes a court to enjoin abusive acts, upon a showing of a past act of abuse, and automatically prohibits the ownership of a firearm. There is no doubt that protective orders issued pursuant to section 6320 have, as at least one "purpose," "preventing violent or threatening acts of domestic violence." 8 U.S.C. § 1227(a)(2)(E)(ii).

We also observe that the federal definition of a "protection order" is an injunction "issued *for the purpose of preventing* violent or threatening acts of domestic violence." *Id.* (emphasis added). That is, the definition is entirely forward-looking, not backward-looking; we must consider the future and what the protective order is trying to keep from happening later, not

to what happened in the past to cause issuance of the order. To that end, we again note that, under California law, every person enjoined under a section 6320 order automatically is prohibited from "own[ing], possess[ing], purchas[ing], or receiv[ing] a firearm while that protective order is in effect." Cal. Family Code § 6389(a). That prohibition can be explained only as having the purpose of preventing violent or threatening acts, as contemplated by the federal definition of "protection order." In other words, even though the *past* abusive conduct may not have been "violent or threatening," the federal definition does not require that. With respect to the *purpose* of a section 6320 order under California law, every such order undoubtedly and necessarily aims to prevent escalation into domestic violence.

**[4]** Petitioner next argues that his convictions fail to meet the requirement that "the [state] court determine[d] [that Petitioner] has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued." 8 U.S.C. § 1227(a)(2)(E)(ii). Petitioner argues that, because it is unknown exactly *what portion* of the protective order he violated, that requirement is not met. We agree that the record does not establish what portion of the protective order Petitioner violated. But *every portion* of a protective order issued under section 6320 "involves protection against credible threats of violence, repeated harassment, or bodily injury." 8 U.S.C. § 1227(a)(2)(E)(ii).

Section 6320, which we quoted in full above, authorizes a court to enjoin a wide range of conduct. Most of that conduct (e.g., "molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, [and] harassing") clearly involves violence, threats, or harassment. Petitioner points out that some of the conduct, though, is not inherently violent, threatening, or harassing in nature. True enough; some acts, such as telephoning one's domestic partner or coming within

a specified distance of him or her, do not typically constitute violence, threats, or harassment. Indeed, such conduct is entirely expected in normal interactions. But Petitioner's argument ignores the crucial context: At the time of his conduct, *he was subject to a protective order*. As noted above, courts may issue a protective order only upon a showing of a past act of abuse. Cal. Fam. Code § 6300. When a court has enjoined a person from, for example, telephoning his domestic partner in the context of a domestic violence protective order, the injunction involves protection against threats and harassment.

**[5]** Under the *Taylor* analysis, we must be able to conclude that the "full range of conduct" that Petitioner may have committed falls within the scope of the INA provision. We acknowledge that the protective order may have enjoined Petitioner from making even a single telephone call to his partner, and Petitioner may have placed a non-threatening and non-harassing telephone call.[4] If the INA provision required the state court to find that Petitioner *actually had engaged* in violent, threatening, or harassing behavior, we would conclude that Petitioner's convictions do not qualify categorically. But the INA provision requires something different: that the state court conclude that Petitioner violated "the portion of a protection order that *involves protection against*" violence, threats, or harassment. 8 U.S.C. § 1227(a)(2)(E)(ii) (emphasis added). As discussed above, an injunction against making a telephone call (and all the other enumerated acts in section 6320) "involves protection against" violence, threats,

---

[4]We do so with hesitation. The Supreme Court has admonished us that "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Because our conclusion is unaffected by Petitioner's example of benign behavior, we need not determine whether a conviction for such behavior is a "realistic probability."

or harassment, even if it is possible that Petitioner's violative conduct did not independently constitute violence, threats, or harassment.

In sum, Congress designated violations of certain protection orders as removable offenses under 8 U.S.C. § 1227(a)(2)(E)(ii). Congress limited the reach of that provision, however, by restricting it to violations of a portion of a protection order aimed at violent, threatening, and harassing behavior. Under our interpretation, that restriction is not empty. For instance, "[m]any states allow the court to order support for the spouse or children as part of a protection order." 1 Arnold H. Rutkin, *Family Law and Practice* § 6.02[5], p. 6-64 (2007); *see, e.g.*, Or. Rev. Stat. § 107.718(1)(h) (allowing a protection order to include an award of monetary assistance); Nev. Rev. Stat. § 33.030(2)(c) (allowing a protection order to include an award of monetary assistance including rent payments, child support, court costs and attorney fees, and compensation for lost earnings). A conviction for violating a protection order issued under such a statute would require additional proof as to "what portion" of the protection order was violated. Section 6320 of the California Family Code, however, authorizes an injunction only for protection against violent, threatening, and harassing behavior. We therefore conclude that Petitioner's convictions qualify as offenses defined in 8 U.S.C. § 1227(a)(2)(E)(ii).

Petition for review DENIED.

---

RAWLINSON, Circuit Judge, concurring in part and dissenting in part:

I concur in that portion of the majority opinion concluding that Petitioner's convictions do not constitute violations of a protection order under 8 U.S.C. § 1227(a)(2)(E)(ii) when analyzed pursuant to the categorical approach articulated in *Tay-*

*lor v. United States*, 495 U.S. 575, 600-601 (1990). I respectfully dissent from that portion of the majority opinion concluding that Petitioner's convictions constitute violations of a protection order under the modified categorical approach articulated in *Taylor*. *See id.*

As the majority opinion recognizes, under the modified categorical approach, the pertinent documents in the record must establish that Petitioner's conviction meets the requirements of 8 U.S.C. § 1227(a)(2)(E)(ii). In this case, the pertinent documents are Petitioner's records of conviction. Therefore, for Petitioner's convictions to constitute disqualifying offenses, the records of conviction must establish that his crimes fell within the provisions of 8 U.S.C. § 1227(a)(2)(E)(ii), which proscribes:

> conduct that violates *the portion of a protection order that involves protection against credible threats of violence, repeated harassment or bodily injury* to the person or persons for whom the protection order was issued . . .

8 U.S.C. § 1227(a)(2)(E)(ii). Our task, under the modified categorical approach, is to determine whether Petitioner's records of conviction established that he violated "the portion of a protection order that involves protection against credible threats of violence, repeated harassment or bodily injury . . ." *Id.*[1]

---

[1]The majority has amended its opinion to now represent that Alanis-Alvarado "belatedly argues that his convictions were not necessarily for violating an order issued pursuant to sections 6320 and 6389 of the California Family Code, citing *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc)." However, the majority's representation somewhat mischaracterizes Alanis-Alvarado's position. Alanis-Alvarado has consistently maintained that the statute of conviction is overbroad and the judicially noticeable documents do not establish a removable offense. Indeed, that is the very point for which he cited *Vidal*. In any event, we review the BIA's determination that "all of the actions proscribed by sec-

In this case, however, Petitioner's records of convictions did no more than state that he violated California Penal Code Section 273.6. The records of conviction did *not* establish, as the majority opinion represents, that Petitioner was convicted "of violating an order obtained pursuant to Section 6320 and 6389 of the [California] Family Code." Although Petitioner was charged with "violating an order obtained pursuant to Section 6320 and 6389," he did not plead guilty "as charged in the Complaint," *see Vidal*, 504 F.3d at 1087, or plead guilty to "violating an order obtained pursuant to Section 6320 and 6389," *see United States v. Martinez-Martinez*, 468 F.3d 604, 613 (9th Cir. 2006) (concluding that recitation of the statutory elements is insufficient to establish the nature of a prior conviction where the statute of conviction is overly broad). In such a circumstance, we have held that the modified categorical approach is not satisfied. *See United States v. Lopez-Montanez*, 421 F.3d 926, 931 (9th Cir. 2005) (holding documents insufficient when they "simply restate the language of the statute" and defendant enters a plea without elaboration); *see also United States v. Kovac*, 367 F.3d 1116, 1119-20 (9th Cir. 2004) (rejecting as insufficient documents that "merely recite[d] the statutory section and title" without detailing the facts to which defendant pled); *Sandoval-Leia v. Gonzales*, 499 F.3d 1121, 1132 (9th Cir. 2007) (noting, in a related context, that the documents in the record must establish that the defendant "necessarily admitted" the elements of the qualifying offense); *Cisneros-Perez v. Gonzalez*, 465 F.3d 386, 391 (9th Cir. 2006), *as amended* (concluding that the prior conviction was not established under the modified categorical approach where the judgment record did not establish that "the defendant" *necessarily pleaded* . . . to the allegations in the original complaint) (emphasis added); *Rebilas v. Mukasey*,

_____

tion 6320 of the California Family Code necessarily involve protection against credible threats of violence, repeated harassment of, or bodily injury to, the person for whom the protection order was issued." That is precisely the issue on which I part company with the majority.

527 F.3d 783, 787 (9th Cir. 2008), *as amended* (holding that application of the modified categorical approach did not establish a covered conviction where the judgment of conviction did not contain "the factual basis for the crime"); *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1029 (9th Cir. 2005), *as amended* (determining that the record of conviction was inadequate where it reflected only a guilty plea to the statute of conviction); *Renteria-Morales v. Mukasey*, Nos. 04-74742, 06-73283, 2008 WL 2676073 (9th Cir. July 10, 2008) (noting that inferences are inadequate to meet the government's burden unless "such inferences are necessary").

Simply put, our precedent does not countenance the conclusion reached by the majority. To the contrary, we have consistently held that, under the modified categorical approach, a guilty plea must, at a minimum, reference the allegations in the charging document to establish a predicate conviction. *See Vidal*, 504 F.3d at 1087. Because the skeletal documents in this case do not establish that the Petitioner pled guilty to violating a protection order as described in 8 USC § 1227(a)(2)(E)(ii), I would grant the petition for review.