**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERTO GONZALEZ-MENDEZ, | No. 09-72484 |
| Petitioner, | Agency No. A092-204-905 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| ALBERTO GONZALEZ-MENDEZ, | No. 10-70921 |
| Petitioner, | Agency No. A092-204-905 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2011
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

Alberto Gonzalez-Mendez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision finding him removable[1] on the basis of a controlled substance conviction, as well as the BIA's order denying his subsequent motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004), and review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petitions for review.

Gonzalez-Mendez first contends that the BIA failed to address his argument that the IJ erred in denying his pre-hearing motion to close the record. Although Gonzalez-Mendez properly raised this issue in his appeal to the BIA, the BIA did not address it. We conclude, however, that any error on the part of the BIA was harmless. Notably, Gonzalez-Mendez does not argue that the government's alleged delay in submitting evidence of his conviction record to the IJ prejudiced

---

[1] Although Gonzalez-Mendez challenged the IJ's discretionary denial of his application for cancellation of removal before the BIA, he did not raise that issue in his opening brief before this court. By failing to do so, he has waived the issue. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ( "[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

2

his ability to respond to such evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (holding that an error that does not prejudice a petitioner's case is a harmless error). Moreover, under 8 C.F.R. § 1003.10(b), immigration judges have considerable discretion in managing and presiding over removal and other formal hearings. Here, the IJ acted within his discretion in denying Gonzalez-Mendez's motion.

Gonzalez-Mendez also contends that the BIA erred in failing to address his argument that the state court conviction records were not properly certified. Again, we conclude that any such error was harmless. Pursuant to 8 C.F.R. § 1003.41(b), evidence of a criminal conviction includes "[a]ny document or record of the types specified in paragraph (a) of this section may be submitted if it complies with the requirement of § 287.6(a) of this chapter, or a copy of any such document or record may be submitted if it is attested in writing by an immigration officer to be a true and correct copy of the original." 8 C.F.R. § 1003.41(b) (2009). Here, the documents submitted by the Department of Homeland Security were certified by an Assistant Chief Counsel as "true and correct" copies. Further, at the end of the photocopy of the Register of Actions there is a certification stamp from the Clerk of the Superior Court. *See* 8 C.F.R. § 287.6(a). Apart from arguing that the government did not comply with § 1003.41(b), Gonzalez-Mendez does not contend

that the conviction records are not what they purport to be. Although the BIA should have addressed this issue, its failure to do so was harmless.

Gonzalez-Mendez next argues that the BIA erred in concluding that he was removable because the government did not prove that his no contest plea to a violation of California Health and Safety Code § 11350(a) was a conviction for a controlled substance offense. We disagree. To determine whether a conviction under § 11350(a) qualifies as a controlled substance offense within the meaning of 8 U.S.C. § 1227(a)(2)(B)(i), we apply the modified categorical approach first announced in *Taylor v. United States*, 495 U.S. 575 (1990). *See Alanis-Alvarado v. Holder*, 558 F.3d 833, 836 (9th Cir. 2009). Contrary to Gonzalez-Mendez's contention, the conviction records presented at his hearing sufficiently established that he was convicted of possession of cocaine, a federally defined controlled substance. Those records included among others, copies of the felony information, the clerk's minutes of the sentencing hearing, and the register of actions reflecting the record of proceedings. *See Shepard v. United States*, 544 U.S. 13, 16, (2005) (noting that a charging document may be used for modified categorical analysis); *see also United States v. Strickland*, 601 F.3d 963, 968–69 (9th Cir. 2010) (en banc) (holding that a docket sheet may be considered when applying the modified categorical approach); *United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir.

4

2008) (en banc) (holding that a clerk's minute order may be considered in applying the modified categorical approach).

The Register of Actions and the minutes of the sentencing hearing establish that Gonzalez-Mendez entered a plea of nolo contendere to Count I of the Information, a violation of California Health & Safety Code § 11350(a). Further, Count I of the Information affirmatively identifies the drug of possession as cocaine. Under California law, a plea of nolo contendere has the same effect as a guilty plea and constitutes a finding of guilt. Cal. Pen. Code § 1016. And with a guilty plea, the California courts have concluded that such a plea admits all of the material allegations contained in the information or charging document. *People v. Mendias*, 21 Cal. Rptr. 2d 159, 164 (Ct. App. 1993). Thus, Gonzalez-Mendez's nolo contendere plea to a violation of California Health & Safety Code § 11350(a) constituted an admission to all of the material allegations, including the allegation regarding cocaine. This case is therefore distinguishable from *United States v. Vidal*, 504 F.3d 1072, 1086–89 (9th Cir. 2007) (en banc) (holding that where the statute of conviction is overly inclusive and the charging document merely parrots the statutory language but does not narrow the charge to generic limits, defendant's own admissions or accepted findings of fact are required in order to confirm the factual basis for defendant's plea). Accordingly, the BIA correctly concluded that

5

Gonzalez-Mendez's prior conviction of possession of cocaine was a controlled substance offense and that he was therefore removable.

Finally, Gonzalez-Mendez contends that the BIA erred in failing to grant his motion to reopen in light of the additional evidence of his drug and alcohol rehabilitation. Again, we disagree, and reject Gonzalez-Mendez's contention that the BIA abused its discretion in denying his motion to reopen. The BIA properly considered the additional evidence regarding rehabilitation and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. The BIA's decision was neither "arbitrary, irrational [n]or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

The BIA therefore did not err in concluding that Gonzalez-Mendez was removable, nor abuse its discretion in denying his motion to reopen.

**THE PETITIONS FOR REVIEW IN 09-72484 and 10-70921 ARE DENIED.**