NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OLABISI WALTERSON CARLTON-CAREW,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 08-73469

Agency No. A020-618-703

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 15, 2012
San Francisco, California

Before: B. FLETCHER,[**] HAWKINS, and MURGUIA, Circuit Judges.

Petitioner Olabisi Walterson Carlton-Carew is a native of Sierra Leone.

Carlton-Carew was found subject to removal under the Immigration and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth Circuit Court of Appeals, fully participated in the case and concurred in the judgment prior to her death.

Nationality Act ("INA") and the Board of Immigration Appeals ("BIA") dismissed his appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and deny Carlton-Carew's petition for review.

An alien is removable if he commits the generic federal crime of child abuse, 8 U.S.C. § 1227(a)(2)(E)(i), which comprises three elements: (1) abusive conduct; (2) a culpability of at least criminal negligence; and (3) a victim under eighteen years of age, *see Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008). In August 2004, Carlton-Carew pled guilty to violating Arizona Revised Statutes Section 13-3623(B)(3) ("Child or vulnerable adult abuse"). Because Section 13-3623(B)(3) criminalizes the abuse of a child *or* vulnerable adult, it is categorically broader than the generic federal crime of *child* abuse. *See, e.g.*, *Alanis-Alvarado v. Holder*, 558 F.3d 833, 836 (9th Cir. 2008) (stating a state crime is categorically overbroad unless the "full range of conduct" covered by the state statute falls within the scope of the generic federal crime) (citation omitted). However, a modified categorical analysis demonstrates that Carlton-Carew "necessarily admitted" to the elements of the generic federal crime of child abuse. *See Young v. Holder*, No. 07-70949, 2012 WL 4074668, at *4 (9th Cir. Sept. 17, 2012) (en banc) (internal quotation marks and citation omitted).

Carlton-Carew's plea agreement indicates he pled guilty to "Child Abuse . . . in Violation of A.R.S. §§ 13-3623(B)(3) . . . ."  Citation to this statute alone establishes that Carlton-Carew necessarily admitted to, at a minimum, endangering a child or vulnerable adult's health with criminal negligence.  *See* Ariz. Rev. Stat. § 13-3623(B)(3).  Pursuant to *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007), citation to the statute in the plea agreement, without more, would not preclude the possibility that the victim in this case was a vulnerable adult or that the admitted conduct fell below the INA definition of abuse, *see Matter of Velazquez-Herrera*, 24 I. & N. Dec. at 518 n. 2 (concurrence) (stating "broad though the definition is, it is unclear whether it extends to crimes in which a child is merely placed or allowed to remain in a dangerous situation, without any element in the statute requiring ensuing harm....").  However, Carlton-Carew's plea agreement specifically identifies his crime as "Child Abuse": the statute defines "abuse" as requiring actual damage, Ariz. Rev. Stat. §§ 13-3623(F)(1), 8-201(2), and defines a "child" as "an individual under eighteen years of age," Ariz. Rev. Stat. § 13-3623(F)(2).[1]  Thus, the plea agreement demonstrates that Carlton-Carew

---

[1]  The phrase "Child Abuse" in the guilty plea is not merely a reference to the title of the statute, because the statute's title is "Child or vulnerable adult abuse; emotional abuse; classification; exceptions; definitions."  The phrase is, therefore, a reference to Carlton-Carew's conduct and victim.

admitted to the three elements of the generic federal crime of child abuse—abusing, with criminal negligence, an individual under eighteen years old—and he is removable on that basis.

Carlton-Carew is also ineligible for cancellation of removal because he is an aggravated felon. 8 U.S.C. § 1229b(a)(3). The INA defines the term "aggravated felony" to include any burglary offense "for which the term of imprisonment [is] at least one year," *id.* § 1101(a)(43)(G), and this definition applies irrespective of the date of conviction, *see Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 852 (9th Cir. 2006).[2] In March 1982, Carlton-Carew pled guilty to second degree burglary in violation of Arizona Revised Statutes Section 13-1507 and was sentenced to five years probation on the condition that he spend one year in county jail.[3] Consequently, Carlton-Carew is an aggravated felon and ineligible for cancellation of removal.

---

[2] This Court held in *Ledezma-Galicia v. Holder*, 636 F.3d 1059, 1080 (9th Cir. 2010), that convictions occurring prior to November 18, 1988, are not a basis for removal. However, *Ledezma-Galicia* did not disturb the INA's clear directive that for definitional purposes an alien is an aggravated felon irrespective of the date of conviction. *See* 8 U.S.C. § 1101(a)(43); *Aragon-Ayon v. I.N.S.*, 206 F.3d 847, 853 (9th Cir. 2000).

[3] By failing to raise it with the IJ or BIA Carlton-Carew waived his argument that a term of imprisonment served as a condition of probation does not constitute a "term of imprisonment" for immigration purposes. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003).

**The Petition for Review is DENIED.**