**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JAVIER LARA-FLORES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70379

Agency No. A093-209-841

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Javier Lara-Flores, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' (BIA) order dismissing his appeal from an

Immigration Judge's decision that found him removable under 8 U.S.C.

§ 1227(a)(2)(E)(ii). We have jurisdiction under 8 U.S.C. § 1252(a)(1). Reviewing

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the BIA's decision de novo, *Alanis-Alvarado v. Holder*, 558 F.3d 833, 836 (9th Cir. 2008), we deny the petition for review.

An alien is removable if he "engage[s] in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person . . . for whom the protection order was issued." 8 U.S.C. § 1227(a)(2)(E)(ii). The BIA and IJ properly concluded, under the modified categorical approach, that Lara-Flores satisfied § 1227(a)(2)(E)(ii) when he pled guilty to violating a protection order issued "pursuant to [California Penal Code §] 136.2 as a condition of probation after conviction in a criminal proceeding involving domestic violence as defined in [California Penal Code §] 13700."

A "protection order" under § 1227(a)(2)(E)(ii) includes "any injunction issued for the purpose of preventing violent or threatening acts of domestic violence[.]" *Id*. Lara-Flores is correct that one possible purpose of a protection order issued under California Penal Code § 136.2 is to prevent witness tampering. But Lara-Flores' criminal complaint reveals that *this* protection order was issued "as a condition of probation after conviction in a criminal proceeding *involving*

*domestic violence.*"[1]  Protecting witnesses and victims involved in domestic violence criminal proceedings is vital to the prosecution and prevention of domestic violence.  Orders issued for such protection thus have as their purpose the prevention of violent or threatening acts of domestic violence, even if the protected party is a witness rather than a victim.  The protection order at issue here, based on the contents of Lara-Flores' criminal complaint, is categorically a "protection order" as defined in § 1227(a)(2)(E)(ii).

We also agree with the BIA's conclusion that any violation of this type of protection order "necessarily violates the portion of the [order] that involves protection against credible threats of violence, repeated harassment, or bodily injury" to the person for whom the protection order was issued.  As Lara-Flores conceded in his briefing, this circuit's decision in *Alanis-Alvarado* "cast a broad net in defining elements that constitute[] 'protection against credible threats of violence, repeated harassment, or bodily injury.'"[2]  That net is wide enough to

---

[1]  We may consider the criminal complaint in conducting the modified categorical approach because it was the charging document in Lara-Flores' misdemeanor criminal case.  *See Fregozo v. Holder*, 576 F.3d 1030, 1038 (9th Cir. 2009); Cal. Penal Code §§ 682(3), 804(b).

[2]  Lara-Flores' reliance on *Matter of Strydom*, 25 I&N Dec. 507 (BIA 2011) is unavailing.  The BIA in that decision briefly mentioned certain protection order provisions that may not trigger § 1227(a)(2)(E)(ii) removability, but that discussion was mere dicta.

catch, as a categorical matter, all conceivable terms in a protection order issued "pursuant to [California Penal Code §] 136.2 as a condition of probation after conviction in a criminal proceeding involving domestic violence."

**Petition DENIED**.